ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C Atlanta

MAR 20 2008

JAMES N. HATTEN, CLERK
By:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RONALD EVANS, Plaintiff, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:08-CV-0537-CAM |
| JEWEL C. SCOTT Defendant. | : : | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the

AO 72A
(Rev 8/82)

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

2

II.  Discussion

Plaintiff, currently confined at the Muscogee County Jail, alleges that Defendant Jewel C. Scott, Clayton County District Attorney, has filed unspecified charges against him, and as a result, Plaintiff is unable to be released on bail. (Doc. 1 at ¶ IV). Plaintiff states that he has not "been in Clayton County in over four (4) years." (Id.). Plaintiff also states that he was previously on probation, presumably in Clayton County, but his probation was transferred to Fulton County, and "completed without any violations." (Id.).

Construed liberally, Plaintiff appears to be asking this Court to order Defendant Scott to drop the charges against him, so Plaintiff can be released on bail. (Id. at ¶ V). Plaintiff also seeks money damages for the time he has been incarcerated as a result of the pending Clayton County charges. (Id.).

This Court first notes that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). The proper method for attacking a prisoner's unconstitutional confinement is through a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and

2254. <u>Preiser</u>, 411 U.S. at 500. Importantly, release from custody is not an available remedy in a civil rights action. <u>Id.</u> at 479.

However, the instant civil rights action need not be re-filed as a habeas corpus petition. The Supreme Court has previously "held that except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." <u>Thompson v. Wainwright</u>, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971)). If the relief sought would disrupt the state criminal proceeding, it is generally prohibited by the <u>Younger</u> doctrine. An order by this Court directing Defendant Scott to dismiss the pending Clayton County charges against Plaintiff would thoroughly disrupt those proceedings and is, therefore, prohibited by <u>Younger</u>.

Extraordinary circumstances may justify intervention where a claimant alleges great, immediate and irreparable injury or flagrant violation of an express constitutional prohibition. <u>Younger</u>, 401 U.S. at 46. Plaintiff, who does not describe the pending charges, has not alleged facts which, if proven, would support a finding that he will suffer an irreparable injury or a flagrant violation of

4

his rights if this Court does not intervene. See e.g. Allee v. Medrano, 416 U.S. 802, 856-7 (1974); Cleary v. Bolger, 371 U.S. 392, 401 (1963).

Even if Plaintiff could establish a technically cognizable claim, he must first exhaust his state court remedies, which he apparently has not done, before seeking relief in federal court. See 28 U.S.C. § 2254(b)(1); Thomas v. Crosby, 371 F.3d 782, 812(11th Cir. 2004) ("Among the most fundamental common law requirements . . . is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring). Georgia law provides for a habeas corpus application which states: "Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Plaintiff may also petition the state criminal court for a writ of mandamus to correct any irregularities in his criminal proceedings. O.C.G.A. § 9-6-20.

Plaintiff has made no showing or argument that would tend to indicate that the available state remedies will not effectively protect his rights. Accordingly, this portion of the instant civil rights action should be dismissed without prejudice. See Rose v. Lundy, 455 U.S. 509(1982); Maymo-Melendez v. Alvarez-

5

Ramirez, 364 F.3d 27, 32 n.4 (1st Cir. 2004) ("a dismissal on Younger grounds is without prejudice").

With regard to Plaintiff's claim for damages for unlawful detention, the Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 before he can recover damages in a civil rights action for false imprisonment or malicious prosecution. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); see also Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying Heck to civil actions seeking money damages for probation revocation); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997) (applying Heck to suits "premised as here on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). As the pending charges against Plaintiff have not yet been resolved, his claim for damages is premature. This Court should, therefore, also dismiss this portion of the instant civil rights action without prejudice.

III.  Conclusion

**IT IS ORDERED** that the instant civil rights action [Doc. 1] is **DISMISSED WITHOUT PREJUDICE.** For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 20th day of March, 2008.

_____
CHARLES A. MOYE, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
Rev 8/82)